```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------- X
                                       :      15cv6192 (DLC)
GUST, INC.,                            :
                                       :
                 Plaintiff,            :
                                       :
        -v-                            :      OPINION & ORDER
                                       :
ALPHACAP VENTURES, LLC and RICHARD     :
JUAREZ,                                :
                                       :
                 Defendants.           :
                                       :
-------------------------------------- :
                                       :
ALPHACAP VENTURES, LLC,                :
                                       :
                 Plaintiff,            :      16cv1784 (DLC)
                                       :
        -v-                            :
                                       :
GUST, INC.,                            :
                                       :
                 Defendant.            :
                                       :
-------------------------------------- X
```

APPEARANCES

For AlphaCap Ventures LLC:

Marie A. McCrary
GUTRIDE SAFIER LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111

For Gust, Inc.:

Frank A. Bruno
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103

DENISE COTE, District Judge:

A non-practicing entity ("NPE") AlphaCap Ventures LLC ("AlphaCap") has brought patent infringement claims against ten companies participating in the internet crowdfunding market. One of these defendants, Gust, Inc. ("Gust"), refused to settle with AlphaCap and has counter-claimed, and separately sued, with attacks on the validity of the AlphaCap patents and with charges of abuse of process, monopolization, and patent misuse. This Opinion addresses both the impact of AlphaCap's issuance of a covenant not to sue Gust, and AlphaCap's motion to dismiss all of Gust's claims. As described below, all claims in this action are dismissed. Gust, however, may amend its antitrust claim and proceed with a motion for an award of attorney's fees.

## BACKGROUND

The following facts are drawn from the pleadings and the documents attached thereto. The facts are construed in favor of Gust. See Keiler v. Harlequin Enters. Ltd., 751 F.3d 64, 68 (2d Cir. 2014).

AlphaCap is a California limited liability company in the business of licensing intellectual property assets, including

patents it does not practice.[1]  It owns three method patents[2] (the "AlphaCap Patents") that claim computer-implemented methods of managing information related to "financing" and "equity and debt financing," and that provide related "data collection templates."[3]  These patents purport to cover computer programs that allow investors to search for startup companies that are seeking investors.  Because multiple investors may invest in a single startup using these programs, such programs have come to be known as "crowdfunding."

On June 19, 2014, the Supreme Court issued <u>Alice Corporation Pty. Ltd. v. CLS Bank International</u>, 134 S. Ct. 2347 (2014).  <u>Alice</u> held that three patents were too abstract to be patentable.  The patents claimed (1) a "method for exchanging [financial] obligations," (2) "a computer system configured to carry out the method for exchanging obligations," and (3) "a computer-readable medium containing program code for performing

---

[1] Richard Juarez is AlphaCap's principal as its <u>de facto</u> sole director and officer.

[2] A method patent covers a "process, art or method, and [may] include[] a new use of a known process, machine, manufacture, composition of matter, or material."  35 U.S.C. § 100.  Method patents may cover "an act, or a series of acts, performed upon the subject-matter to be transformed and reduced to a different state or thing."  <u>Bilski v. Kappos</u>, 561 U.S. 593, 604 (2010) (citation omitted).

[3] The AlphaCap Patents are U.S. Patent Nos. 7,848,976, 7,908,208, and 8,433,630.

the method of exchanging obligations." Id. at 2353.  In
invalidating these patents, the Court elaborated on the long
held rule that "[l]aws of nature, natural phenomena, and
abstract ideas are not patentable." Id. at 2354 (citation
omitted).  Accordingly, "the mere recitation of a generic
computer cannot transform a patent-ineligible abstract idea into
a patent-eligible invention.  Stating an abstract idea while
adding the words 'apply it' is not enough for patent
eligibility."  Id. at 2358 (citation omitted).

On January 23, 2015, despite knowledge that the decision in
Alice rendered its patents invalid, AlphaCap initiated an action
in Texas (the "Texas Action") against Gust, alleging three
counts of patent infringement.  This was one of ten essentially
identical actions that AlphaCap filed on the same day in the
Eastern District of Texas against every major entity that
provides internet crowdfunding services.

On March 26, Gust answered with six counterclaims seeking a
declaratory judgment of non-infringement and invalidity for each
of the three AlphaCap Patents.  AlphaCap settled each action it
filed in the Eastern District of Texas, except for the Texas
Action against Gust.

On June 29, 2015, the Hon. Katherine Failla issued her
decision in Kickstarter, Inc. v. Fan Funded, LLC, 11cv6909
(KPF), 2015 WL 3947178 (S.D.N.Y. June 29, 2015), finding that

the cloaking of the otherwise abstract idea of fan-funding in "the guise of a computer-implemented claim" does not make the idea patent-eligible.  <u>Id.</u> at *13 (citation omitted).  Gust claims that AlphaCap abused the judicial process not only by knowingly instituting a frivolous lawsuit after the Court's decision in <u>Alice</u>, but also by continuing with its Texas Action notwithstanding the <u>Kickstarter</u> decision.

On August 6, 2015, Gust filed an action in the Southern District of New York (the "New York Action") against AlphaCap. It amended its complaint on November 27 to add Juarez as a defendant.  Gust alleges that AlphaCap has litigated in bad faith and that the AlphaCap Patents are invalid.  On November 6, AlphaCap moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss all claims against it in the New York Action.[4]  On November 27, Gust filed an Amended Complaint.  AlphaCap chose not to file a new motion to dismiss.  Rather, the parties were allowed to file sur-replies in response to the Amended Complaint.  The motion became fully submitted on February 23, 2016.[5]

On March 2, the Texas Action was transferred to this District.  The Hon. Ronnie Abrams, who was then presiding over

---

[4] AlphaCap also filed a motion for sanctions pursuant to Fed. R. Civ. P. 11 with this motion to dismiss.  This Opinion does not address the Rule 11 motion.

[5] Juarez joined this motion on February 23.

the New York Action, consolidated the two cases on April 28.
Both actions were transferred to this Court on May 13, 2016.
The Court held a conference with the parties on June 10.

Gust asserts six claims in its Amended Complaint.  The
first six counts, duplicative of Gust's six counterclaims in the
Texas Action, seek declaratory judgments of non-infringement and
invalidity for the three AlphaCap Patents.  Count Seven and
Eight are abuse of process and patent misuse claims against
AlphaCap and Juarez.  Lastly, Count Nine is an antitrust
monopolization claim brought under Section 2 of the Sherman Act,
15 U.S.C. § 2.

On May 18, AlphaCap provided Gust with a covenant not to
sue it for infringement of the AlphaCap Patents (the
"Covenant").  The Covenant states in relevant part that

> AlphaCap <u>unconditionally and irrevocably</u> covenants
> not to assert patent infringement . . . against Gust
> and its direct or indirect subsidiaries under any
> claim of the Patents-in-Suit, based upon Gust's
> previous, current, or future making, using,
> manufacturing, development, marketing, licensing,
> distributing, importing, offering for sale, or
> selling of any of its product(s) or service(s),
> including the Gust online startup funding platform
> product and service . . . as they exist today, have
> existed in the past, or will exist in the future.
> AlphaCap further covenants not to sue Gust's
> suppliers, distributors, customers, partners, or
> their successors and assigns, under any claim of the
> Patents-in-Suit based upon their previous, current,
> or future making, using, manufacturing, development,
> marketing, licensing, distributing, importing,
> offering for sale, or selling any of Gust's
> product(s) or service(s) . . . .

(Emphasis added.)  Relying on the Covenant, on May 25, AlphaCap filed a second motion to dismiss, which became fully submitted on June 20.  AlphaCap seeks to voluntarily dismiss its own patent infringement claims in the Texas Action pursuant to Fed. R. Civ. P. 41(a)(2), as well as Gust's invalidity and non-infringement claims in both actions for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

There are, therefore, two motions to dismiss pending. There is AlphaCap's motion to voluntarily dismiss each of its own claims, and to dismiss as moot each of Gust's claims of non-infringement and invalidity.  AlphaCap also seeks to dismiss Gust's remaining claims for its failure to plead a cause of action.  The parties agree that Gust's application of an award of attorney's fees pursuant to 35 U.S.C § 285 and 28 U.S.C. § 1972 will survive.

## DISCUSSION

## I.   The Impact of AlphaCap's Covenant Not to Sue

AlphaCap moves to dismiss Gust's claims seeking a declaration that the AlphaCap Patents are invalid and not infringed by Gust, pursuant to Fed. R. Civ. P. 12(b)(1).  The parties agree that the Covenant renders them moot.  See Already, LLC v. Nike, Inc., 133 S. Ct. 721, 726-29 (2013); Dow Jones & Co., Inc. v. Ablaise Ltd., 606 F.3d 1338, 1345 (Fed. Cir. 2010);

see also Nike, Inc. v. Already, LLC, 663 F.3d 89, 94-95 (2d Cir. 2011).

AlphaCap's requests that its patent infringement claims and Gust's declaratory judgment claims be dismissed as moot is granted.   AlphaCap's Covenant not to sue Gust is binding and applies broadly to all present and future litigation arising from the AlphaCap Patents.   The plain language of the Covenant ensures that AlphaCap will never again pursue any action to enforce the AlphaCap Patents against Gust, and Gust does not suggest otherwise.

While the Covenant renders the claims and counterclaims addressed directly to the infringement of the AlphaCap Patents and the validity of the patents moot, it does not have that effect on Gust's requests for attorney's fees and costs under 35 U.S.C. § 285 and 28 U.S.C. § 1927.   See Highway Equip. Co. v. FECO, Ltd., 469 F.3d 1027, 1032-33 (Fed. Cir. 2006) (Section 285); Tedeschi v. Barney, 757 F.2d 465, 466 (2d Cir. 1985) (per curium) (Section 1927).   To assist the parties in their briefing of that motion, the prevailing standards for an award of attorney's fees are briefly described here.

Section 285 of the Patent Act provides that "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."   35 U.S.C. § 285 (emphasis added).   An "exceptional" case is "one that stands out from others with

8

respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." Lumen View Tech. LLC v. Findthebest.com, Inc., 811 F.3d 479, 482 (Fed. Cir. 2016) (citation omitted). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." Id. (citation omitted). District courts may also consider a "nonexclusive" list of factors to determine whether a case is exceptional, including "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." Octane Fitness, LLC v. ICON Health & Fitness, Inc., 134 S. Ct. 1749, 1756 n.6 (2014).

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An award of attorney's fees under § 1927 is only appropriate "when there is a finding of conduct constituting or akin to bad faith." Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 591 (2d Cir. 2016) (citation omitted). To constitute bad faith, "[t]he attorney's actions

must be so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay." Id. (citation omitted).

## II. November 6, 2015 Motion

With the dismissal of the patent infringement and declaratory judgment claims in the two Actions, three causes of action remain in the New York Action: Gust's claims against AlphaCap for abuse of process, patent misuse, and attempted monopolization under the Sherman Act. AlphaCap has moved to dismiss each claim for failure to plead a cause of action.

When deciding a motion to dismiss under Rule 12(b)(6), a court must accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor. Loginovskaya v. Batratchenko, 764 F.3d 266, 269-70 (2d Cir. 2014). "To survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts which, taken as true, state a plausible claim for relief." Keiler v. Harlequin Enters. Ltd., 751 F.3d 64, 68 (2d Cir. 2014); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("[A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." (citation omitted)). A claim has facial plausibility when "the factual content" of the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Tongue v. Sanofi, 816 F.3d 199, 209 (2d Cir. 2016) (citation omitted).

**A. Sherman Act**

Section 2 of the Sherman Act penalizes "[e]very person who shall monopolize, or attempt to monopolize, or combine or conspire . . . to monopolize . . . trade or commerce." 15 U.S.C. § 2. To state a claim for monopolization under Section 2, a plaintiff must allege (1) the defendant's "possession of monopoly power in the relevant market," and (2) the defendant's "willful acquisition or maintenance of that power as distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident." In re Adderall XR Antitrust Litig., 754 F.3d 128, 133 (2d Cir. 2014) (citation omitted). "To safeguard the incentive to innovate, the possession of monopoly power will not be found unlawful unless it is accompanied by an element of anticompetitive conduct." New York ex rel. Schneiderman v. Actavis PLC, 787 F.3d 638, 651 (2d Cir. 2015) (citation omitted). "[A]nticompetitive conduct is conduct without a legitimate business purpose that makes sense only because it eliminates competition." In re Adderall XR Antitrust Litig., 754 F.3d at 133 (citation omitted).

A core element of a monopolization claim is market power, which is defined as "the ability to raise price by restricting

output." Pepsico, Inc. v. Coca-Cola Co., 315 F.3d 101, 107 (2d
Cir. 2002) (citation omitted).  To prove a monopolization claim,
plaintiffs may demonstrate market power either through direct
evidence that the defendant can control prices or exclude
competition, or through the inference that flows from the
defendant's "large percentage share" of the relevant market.
Tops Markets, Inc. v. Quality Markets, Inc., 142 F.3d 90, 98 (2d
Cir. 1998).

     As discussed in Illinois Tool Works Inc. v. Indep. Ink,
Inc., 547 U.S. 28, 42, 43 n.4 (2006), the "mere existence of a
patent" does not by itself constitute the requisite market power
to support an antitrust claim or even create a presumption of
market power, much less confer a monopoly in violation of
antitrust law.  See also Actavis PLC, 787 F.3d at 660.  To
pursue an antitrust claim against a patent-holder based on its
initiation of litigation, the plaintiff must allege that the
patent-holder's claims constituted "sham litigation" in the
sense that it pursued claims that were "so baseless that no
reasonable litigant could realistically expect to secure
favorable relief."  Prof'l Real Estate Investors, Inc. v.
Columbia Pictures Indus., Inc., 508 U.S. 49, 62 (1993).  A party
holding intellectual property rights may seek to enforce its
rights even in circumstances where it is not clear that a
defendant's conduct is actually infringing "as long as a

similarly situated reasonable litigant could have perceived some likelihood of success."  Id. at 65.

Gust's complaint gives a limited explanation of its antitrust claim.  It defines the relevant market as "the market for crowdfunding effectuated through the use of a computer that the [AlphaCap] Patents purport to cover."  It defines the geographic market as the entire United States.  It explains AlphaCap's market power as the power to extract licensing revenue through the assertion of intellectual property rights arising from its patents.  Gust contends that this power is enhanced because SEC regulations will soon authorize equity crowdfunding "on a massive scale."

AlphaCap argues that Gust's antitrust claim fails because (1) Gust does not allege a plausible relevant market; and (2) Gust fails to allege that AlphaCap has market power.  Additionally, AlphaCap argues that Gust lacks antitrust standing.  It is unnecessary to discuss each of these objections, as Gust has failed to sufficiently allege AlphaCap's market power.  Gust will be granted leave to amend.  Should it choose to do so, it must seek to cure each of the deficiencies asserted by AlphaCap.

**B. Patent Misuse**

Gust asserts a claim of patent misuse against AlphaCap.[6]
The patent misuse doctrine seeks "to prevent a patentee from
using the patent to obtain market benefit beyond that which
inheres in the statutory patent right."  Princo Corp. v. Int'l
Trade Comm'n, 616 F.3d 1318, 1328 (Fed. Cir. 2010) (citation
omitted).  The key inquiry under the patent misuse doctrine, is
"whether, by imposing the condition in question, the patentee
has impermissibly broadened the physical and temporal scope of
the patent grant and has done so in a manner that has
anticompetitive effects."  Id. (citation omitted).  "What patent
misuse is about, in short, is patent leverage, i.e., the use of
the patent power to impose overbroad conditions on the use of
the patent in suit that are not within the reach of the monopoly
granted by the Government."  Id. at 1331 (citation omitted).

The scope of the doctrine is narrow.  Id. at 1329.  A
patentee "begins with substantial rights under the patent grant
-- including the right to suppress the invention while
continuing to prevent all others from using it, to license

---

[6] Patent misuse is ordinarily asserted as an affirmative defense
against a claim of infringement.  There is some authority that
suggests that the doctrine may support a claim for declaratory
relief or be asserted through a counterclaim.  See, e.g.,
Glitsch Inc. v. Koch Eng'g Co. Inc., 216 F.3d 1382, 1386 (Fed.
Cir. 2000); see also In Critical-Vac Filtration Corp. v.
Minuteman Int'l, Inc., 233 F.3d 697, 703-04 (2d Cir. 2000).

others, or to refuse to license, to charge such royalty as the leverage of the patent monopoly permits, and to limit the scope of the license to a particular field of use." <u>Id.</u> at 1328-29. As such, the doctrine of patent misuse "has largely been confined to a handful of specific practices by which the patentee seemed to be trying to extend his patent grant beyond its statutory limits." <u>Id.</u> at 1329 (citation omitted).

Gust alleges that AlphaCap has engaged in patent misuse because it has asserted objectively baseless claims of patent infringement in its Texas lawsuits. This claims fails to state any benefit that AlphaCap has sought or gained beyond that which naturally accrues to its possession of patents. The motion to dismiss is granted.

### C. Abuse of Process

Finally, Gust asserts a claim of abuse of process against AlphaCap. Under New York law,[7] an abuse of process claim exists where a defendant "(1) employs regularly issued legal process to compel performance or forbearance of some act (2) with intent to do harm without excuse of justification, and (3) in order to obtain a collateral objective that is outside the legitimate ends of the process." <u>Savino v. City of New York</u>, 331 F.3d 63,

---

[7] The parties' briefs assume that New York law controls Gust's abuse of process claim, which is "sufficient to establish choice of law." <u>Chau v. Lewis</u>, 771 F.3d 118, 126 (2d Cir. 2014) (citation omitted).

76 (2d Cir. 2003) (citation omitted).  "[T]he institution of a civil action by summons and complaint is not legally considered process capable of being abused." PSI Metals, Inc. v. Firemen's Ins. Co. of Newark, N.J., 839 F.2d 42, 43 (2d Cir. 1988) (citation omitted).  Rather, "[t]he gist of abuse of process is the improper use of process after it is regularly issued." Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994) (citation omitted). "[T]he basis of the tort lies in the use of the process to gain a collateral objective, the accomplishment of which the process in question was not intended to secure." Pagliarulo v. Pagliarulo, 293 N.Y.S.2d 13, 15 (2d Dep't 1968).  A plaintiff bringing an abuse of process claim must allege actual or special damages.  Bd. of Educ. v. Farmingdale Classroom Teachers Ass'n, 38 N.Y.2d 397, 405 (1975).

Gust's abuse of process claim is premised entirely on AlphaCap's filing of the patent infringement complaints in Texas.  It asserts that AlphaCap used the lawsuits to obtain settlements, rather than as a sincere effort to obtain a determination on the merits of its infringement claims.  This claim fails as a matter of law.  Initiating a civil action, without more, is insufficient to sustain an abuse of process claim.  PSI Metals, Inc., 839 F.2d at 43.  Nor does Gust have standing to assert a claim based on harm done to other entities.

## CONCLUSION

AlphaCap and Juarez's November 6, 2015 and May 25, 2016 motions are granted.  A scheduling order accompanies this Opinion.  Gust has leave to replead its antitrust claim and may bring a motion for attorney's fees.  The remainder of Gust's claims and all of AlphaCap's claims are dismissed with prejudice.

SO ORDERED:

Dated:    New York, New York
          July 28, 2016

_____
                DENISE COTE
      United States District Judge