UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------- X
                                  :
GUST, INC.,                       :
                                  :
                    Plaintiff,    :        15cv6192 (DLC)
          -v-                     :
                                  :
ALPHACAP VENTURES, LLC and        :
RICHARD JUAREZ,                   :
                                  :        OPINION & ORDER
                    Defendants.   :
                                  :
------------------------------- :
                                  :
ALPHACAP VENTURES, LLC,           :
                                  :
                    Plaintiff,    :        16cv1784 (DLC)
          -v-                     :
                                  :
GUST, INC.,                       :
                                  :
                    Defendant.    :
                                  :
------------------------------- X

APPEARANCES:

For AlphaCap Ventures, LLC and Richard Juarez:
Marie A. McCrary
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111

For Gust, Inc.:
Frank A. Bruno
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103

DENISE COTE, District Judge:

     The core litigation between these parties consumed roughly

two years and spanned two jurisdictions.  AlphaCap Ventures, LLC

("AlphaCap") sought to extract a quick settlement from Gust, Inc. ("Gust") while eschewing any defense of its business method patents (the "AlphaCap Patents"). Gust refused to cooperate with that plan and pressed its contention that the AlphaCap Patents were demonstrably invalid in light of <u>Alice Corp. Pty. Ltd. v. CLS Bank International</u>, 134 S. Ct. 2347 (2014). Ultimately, even though AlphaCap unilaterally issued Gust a Covenant Not to Sue ("Covenant"), Gust pursued its contention that the patents at issue were invalid and that AlphaCap and its attorneys had pursued the litigation in bad faith.

On December 8, 2016, the Court awarded $508,343 in attorneys' fees and costs, as well as prejudgment interest, pursuant to 35 U.S.C. § 285 ("Section 285") against AlphaCap. <u>See</u> <u>Gust, Inc. v. AlphaCap Ventures, LLC</u>, 15cv6192 (DLC), 16cv1784 (DLC), 2016 WL 7165983 (S.D.N.Y. Dec. 8, 2016) ("<u>Gust</u>"). <u>Gust</u> held AlphaCap's counsel jointly and severally liable pursuant to 28 U.S.C. § 1927 ("Section 1927") for vexatiously and unreasonably multiplying the proceedings in this case.

On January 3, 2017, AlphaCap filed this motion to reconsider, alter, amend, and grant relief from judgment pursuant to Rules 59(e) and 60, Fed. R. Civ. P. For the reasons set forth below, AlphaCap's motion for reconsideration is denied.

<u>**BACKGROUND**</u>

On June 19, 2014, the Supreme Court issued its decision in <u>Alice</u>. <u>Alice</u> expounded upon the longstanding rule that "[l]aws of nature, natural phenomena, and abstract ideas are not patentable." 134 S. Ct. at 2354 (citation omitted). <u>Alice</u> applied the two-step analytical framework set forth in <u>Mayo Collaborative Services v. Prometheus Laboratories, Inc.</u>, 132 S. Ct. 1289 (2012), to determine the eligibility of certain patents under 35 U.S.C. § 101 ("Section 101"), which defines the subject matter eligible for patent protection.

Because the claims at issue in <u>Alice</u> were directed to an abstract idea -- the use of a third party to mitigate settlement risk -- the Court proceeded to analyze whether the claims recited an "inventive concept" sufficient to "transform" the abstract idea into a patent-eligible application. <u>Alice</u>, 134 S. Ct. at 2357. Of particular interest to the instant litigation, the Court noted that "the mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention. Stating an abstract idea while adding the words 'apply it' is not enough for patent eligibility." <u>Id.</u> at 2358 (citation omitted). Accordingly, the Court held the following claims unpatentable for failing to recite an inventive concept beyond application through a computer: (1) a "method for exchanging [financial] obligations,"

(2) "a computer system configured to carry out the method for exchanging obligations," and (3) "a computer-readable medium containing program code for performing the method of exchanging obligations." Id. at 2353.

Notwithstanding Alice and its implications for the AlphaCap Patents, in January 2015, AlphaCap sued Gust and nine similar defendants in the Eastern District of Texas (the "Texas Action"). The ten defendants represented nearly every major provider of internet crowdfunding services. The Texas Action alleged infringement of three business method patents. The AlphaCap Patents claim computer-implemented methods of managing information related to "equity and debt financing" through the use of "data collection templates" and "semi-homogenous profiles."

These ten actions were pursued on a contingency fee basis by counsel. By June 23, 2015, AlphaCap had settled each action it filed in the Eastern District of Texas, except for the action against Gust. None of the settlements exceeded $50,000 and some settlements were for substantially less money.

Gust answered AlphaCap's complaint on March 26 by asserting six counterclaims seeking a declaratory judgment of non-infringement and invalidity for each of the three AlphaCap Patents. On June 19, AlphaCap's counsel called Gust's attorney to present AlphaCap's opening demand to settle the Texas Action.

Gust rejected the demand.  On June 22, Gust filed a motion to transfer venue to the Southern District of New York pursuant to 28 U.S.C. § 1404 or, in the alternative, 28 U.S.C. § 1406.  The ensuing negotiations and litigation between the parties is described in Gust, 2016 WL 7165983, at *2-4, which is incorporated by reference.  Only those events of particular significance to the pending motion for reconsideration are described here.

Even though neither Gust nor AlphaCap had any apparent connection with the Eastern District of Texas, and Gust sought to transfer the action to its home jurisdiction, AlphaCap pursued extensive and expensive discovery as it opposed the motion.  At the end of the day, AlphaCap was only able to identify, although not by name, some end users of the purportedly infringing product who resided in the Eastern District of Texas.  On March 2, 2016, Gust's motion to transfer was granted.  In doing so, the federal court in Texas observed that New York was "clearly a more convenient venue" than the Eastern District of Texas.  Pending the decision on the transfer motion, and pursuant to the Eastern District of Texas rules for automatic discovery in patent cases, the parties engaged in expensive claim construction discovery.

Meanwhile, with its motion to transfer AlphaCap's action to the Southern District of New York pending, Gust filed its own

action against AlphaCap in the Southern District of New York
(the "New York Action").  The New York Action, which was filed
on August 6, 2015, sought a declaratory judgment of non-
infringement and invalidity of the AlphaCap Patents, among other
things.  Following the transfer of the Texas Action to this
jurisdiction the two lawsuits were consolidated.  The parties
were ordered to provide a report to the court by May 20, 2016
describing, <u>inter alia</u>, contemplated motions.  On May 18, two
days before the report was due, AlphaCap unilaterally provided
Gust with the Covenant.  In a May 20 report to the Court,
AlphaCap took the position that the Covenant required dismissal
of all of its infringement claims and Gust's claims seeking a
declaratory judgment of non-infringement and invalidity.  Gust
asserted, however, that it would still seek to show that the
AlphaCap Patents were invalid to support its remaining claims
and to obtain an award of fees.  At a June 10 conference with
the Court, AlphaCap continued to assert that it was unnecessary
to address the validity of the AlphaCap Patents in light of the
Covenant, while Gust continued to assert that a validity
determination remained relevant and necessary.

On July 28, this Court issued an opinion granting
AlphaCap's pending motions to dismiss since the Covenant
rendered moot the claims and counterclaims related to the
infringement and validity of the AlphaCap Patents.  See <u>Gust,</u>

Inc. v. AlphaCap Ventures, LLC, 15cv6192 (DLC), 16cv1784 (DLC), 2016 WL 4098544, at *3 (S.D.N.Y. July 28, 2016). The Opinion noted that the parties were in agreement that the Covenant did not affect Gust's requests for attorneys' fees and costs. Id. at *3-4.

On August 19, 2016, Gust moved for attorneys' fees and costs against AlphaCap and its counsel pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927. On December 8, 2016, the Court largely granted Gust's motion for attorneys' fees, finding the case "extraordinary" under 35 U.S.C. § 285 and finding AlphaCap's counsel jointly and severally liable under 28 U.S.C. § 1927.

On January 3, 2017, AlphaCap filed the present motion for reconsideration pursuant to Rules 59(e) and 60, Fed. R. Civ. P.[1] Also on January 3, AlphaCap filed an emergency motion to stay enforcement of the December 8 judgment. On January 4, the Court

---

[1] Pursuant to Local Rule 6.3, which addresses motions for reconsideration or reargument, "[n]o affidavits shall be filed by any party unless directed by the court." AlphaCap did not seek the Court's permission when it filed several affidavits in support of its motion for reconsideration. Moreover, there is nothing in the affidavits which AlphaCap could not have included in its opposition to the 2016 motion for an award of fees. Accordingly, the affidavits submitted in connection with the motion for reconsideration are hereby stricken from the record. See Giannullo v. City of N.Y., 322 F.3d 139, 146 (2d Cir. 2003) ("[A] district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules." (citation omitted)).

entered a stay of judgment pending resolution of AlphaCap's

motion for reconsideration.[2]

## DISCUSSION

The standard for granting a motion for reconsideration

pursuant to Rule 59 is "strict." Analytical Surveys, Inc. v.

Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012) (citation

omitted). "[R]econsideration will generally be denied unless

the moving party can point to controlling decisions or data that

the court overlooked." Id. (citation omitted). "A motion for

reconsideration should be granted only when the defendant

identifies an intervening change of controlling law, the

availability of new evidence, or the need to correct a clear

error or prevent manifest injustice." Kolel Beth Yechiel Mechil

of Tartikov, Inc. v. YLL Irrevocable Tr., 729 F.3d 99, 104 (2d

Cir. 2013) (citation omitted). It is "not a vehicle for

relitigating old issues, presenting the case under new theories,

securing a rehearing on the merits, or otherwise taking a second

bite at the apple." Analytical Surveys, 684 F.3d at 52

(citation omitted). The decision to grant or deny the motion

for reconsideration is within "the sound discretion of the

---

[2] AlphaCap's January 3, 2017 motion for attorneys' fees, as well as Gust's January 24, 2017 motion to lift the emergency stay and for attorneys' fees are addressed in an accompanying Memorandum Opinion.

district court." Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009) (citation omitted).

Federal Rule of Civil Procedure 60(a) permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission." Rule 60(b) permits the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding" if "applying [the judgment] prospectively is no longer equitable" or for "any other reason that justifies relief." Rule 60(b)(5), (6), Fed. R. Civ. P. Rule 60(b)(6) applies only "when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule and there are extraordinary circumstances justifying relief." Tapper v. Hearn, 833 F.3d 166, 172 (2d Cir. 2016) (citation omitted). "Rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. Although it should be broadly construed to do substantial justice, final judgments should not be lightly reopened." Id. at 170 (citation omitted).

AlphaCap's motion for reconsideration presents new arguments that could have been but were not made in opposition to Gust's motion for an award of fees, or repeats arguments that were previously made and rejected. This is not an appropriate use of a motion for reconsideration. None of the arguments made

in this motion have merit.  The most prominent arguments
presented in this motion are addressed and dismissed below.

**I.   Section 285**

AlphaCap argues that Gust erred in awarding fees pursuant
to Section 285.  Section 285 of the Patent Act provides that
"[t]he court in exceptional cases may award reasonable attorney
fees to the prevailing party."  35 U.S.C. § 285.  An
"exceptional" case is "one that stands out from others with
respect to the substantive strength of a party's litigating
position (considering both the governing law and the facts of
the case) or the unreasonable manner in which the case was
litigated."  Octane Fitness, LLC v. ICON Health & Fitness, Inc.,
134 S. Ct. 1749, 1756 (2014).  Factors that courts may take into
consideration when assessing the exceptionality of a case
include: "frivolousness, motivation, objective unreasonableness
(both in the factual and legal components of the case) and the
need in particular circumstances to advance considerations of
compensation and deterrence."  Id. at 1756 n.6 (citation
omitted).  Applying the Octane Fitness factors, Gust held that:
(1) AlphaCap's infringement claims were frivolous and
objectively unreasonable in light of Alice and its progeny; (2)
its motivation in pursuing the lawsuit was inappropriate; and
(3) awarding attorneys' fees would deter litigation misconduct.
Gust, 2016 WL 7165983, at *5-9.

AlphaCap asserts that, in filing this litigation, its counsel relied upon the Federal Circuit's opinion in DDR Holdings, LLC v. Hotels.com, L.P., 773 F.3d 1245 (Fed. Cir. 2014), to justify its belief in the validity of the AlphaCap Patents.  In opposition to Gust's motion for attorneys' fees, however, AlphaCap never mentioned DDR Holdings.  It is too late to do so now.[3]

AlphaCap claims that the Court erred by failing to apply a presumption of validity in its Section 101 analysis.  AlphaCap did not suggest in opposing Gust's motion for fees either that it had relied on the existence of such a presumption in filing this litigation, or that one existed.  Again, it is too late to do so now.[4]

---

[3] AlphaCap's failure to previously mention DDR Holdings raises a serious question regarding the reliability of its representations on this motion for reconsideration.  DDR Holdings also provides no comfort to AlphaCap.  In DDR Holdings, the Federal Circuit addressed the Section 101 eligibility of patents directed to "systems and methods of generating a composite web page that combines certain visual elements of a 'host' website with content of a third-party merchant."  773 F.3d at 1248.  In upholding their patent-eligibility, DDR Holdings explained that the DDR patents do not "broadly and generically claim 'use of the Internet' to perform an abstract business practice."  Id. at 1258.  While DDR Holdings recognized that the line between patent-eligible and ineligible claims "is not always clear," id. at 1255, the AlphaCap Patents do not fall in that interstitial area where doubt may reasonably exist.  Attorneys' fee awards may not be appropriate where the application of Alice to the patents in suit is arguable, but this is not such a case.

[4] There is no basis in the law to find that a presumption of

While AlphaCap argues that Gust should have contained a more in-depth analysis of its patents' claim language, none was required.  Gust, 2016 WL 7165983, at *5-8.[5]  Gust recited key provisions from the AlphaCap Patents and explained why AlphaCap could have had no reasonable expectation of success on the merits in the patent infringement lawsuit it filed in 2016 against Gust.  The AlphaCap Patents do no more than "recite a series of steps for storing and organizing investment data that could all be performed by humans without a computer."  Id. at *6.  The computer functions they describe "namely, data collection, classification, recognition, and storage -- are well-understood, routine, conventional activities previously known" to the computer industry.  Id. at *7 (citing Alice, 134 S. Ct. at 2359).  Gust also addressed each of the three cases on

_____

eligibility attends the Section 101 inquiry.  See Ultramercial, Inc. v. Hulu, LLC, 772 F.3d 709, 720-21 (Fed. Cir. 2014) (Mayer, J., concurring) ("Although the Supreme Court has taken up several section 101 cases in recent years, it has never mentioned -- much less applied -- any presumption of eligibility.  The reasonable inference, therefore, is that . . . no . . . presumption of eligibility applies in the section 101 calculus." (citation omitted)).

[5] There can be no dispute that Gust preserved its right to attack the validity of the AlphaCap Patents after receiving notice of the Covenant.  It did so in the parties' May 2016 report to the Court and again at the June 10, 2016 conference with the Court, where counsel for Gust reiterated that it would be submitting evidence that AlphaCap had filed "objectively baseless" litigation against Gust.

which AlphaCap relied to defend the validity of its patents.[6]  No

decision issued since Gust casts doubt on its analysis.[7]  See,

e.g., Intellectual Ventures I LLC v. Erie Indem. Co., 850 F.3d

1315, 1327 (Fed. Cir. 2017) (holding abstract the idea of

"creating an index and using that index to search for and

retrieve data" in part because "organizing and accessing records

through the creation of an index-searchable database" involves

"longstanding conduct that existed well before the advent of

computers and the Internet.").  AlphaCap cannot plausibly

dispute that its patents are directed to the abstract and

patent-ineligible idea of collecting, displaying, syndicating,

manipulating, and storing data.

AlphaCap contends that Gust was required to undertake an

analysis of a reasonable royalty rate before finding that

AlphaCap had settled the nine other contemporaneously filed

actions for "nuisance" amounts.  AlphaCap did not oppose Gust's

---

[6] AlphaCap's opposition to the motion for fees relied solely on a
discussion of Alice, 134 S. Ct. 2347, Enfish, LLC v. Microsoft
Corp., 822 F.3d 1327 (Fed. Cir. 2016), and Kickstarter, Inc. v.
Fan Funded, LLC, No. 11cv6909 (KPF), 2015 WL 3947178 (S.D.N.Y.
June 29, 2015), to support the validity of its patents.  As
noted above, it did not refer to DDR Holdings.  AlphaCap has not
shown that Gust's analysis of any of the three cases on which it
explicitly relied in opposing the motion for fees was flawed.

[7] To the extent AlphaCap has relied in its motion for
reconsideration on decisions addressed to software patents, they
are inapposite to its business method patents.

motion for fees on this ground, and it is untimely to do so now.[8]
In any event, a royalty analysis would be irrelevant since
AlphaCap takes the position that there is nothing exceptional
about agreeing to settle early at a "steep discount" and it is
undisputed that the settlement amounts were correctly described
in Gust.[9]

## II. Section 1927

AlphaCap and its attorneys also challenge the award of fees
entered in Gust against AlphaCap's counsel Gutride Safier LLP.
The arguments raised are also inappropriate for a motion for
reconsideration. They do not identify any error of law or
evidence that was overlooked, or provide any other meritorious
ground for altering Gust.

Under 28 U.S.C. § 1927,

[a]ny attorney or other person admitted to conduct
cases in any court of the United States . . . who so
multiplies the proceedings in any case unreasonably
and vexatiously may be required by the court to
satisfy personally the excess costs, expenses, and
attorneys' fees reasonably incurred because of such
conduct.

---

[8] Gust's motion for fees pointed out that AlphaCap's strategy in
all of its cases was to "use the cost of defense to force quick,
low value settlements."

[9] Nor did Gust overlook, as the motion for reconsideration
suggests, the assertion by AlphaCap's principal that he had
decided to pursue quick settlements because his investment bank
employer "insinuated" that he would be fired if he continued the
litigation. Gust, 2016 WL 7165983, at *2 n.3.

An award of attorneys' fees under Section 1927 is only appropriate "when there is a finding of conduct constituting or akin to [subjective] bad faith."  Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d 584, 591 (2d Cir. 2016) (citation omitted).  To constitute bad faith, "[t]he attorney's actions must be so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."  Id. (citation omitted).

AlphaCap contends that Gust erred in its analysis of its attorney's bad faith in opposing the motion to transfer venue.  Specifically, AlphaCap asserts that Gust was wrong in observing that "AlphaCap could not identify a single piece of evidence located in or near the Eastern District of Texas."  Gust, 2016 WL 7165983, at *12.  This sentence accurately describes AlphaCap's submissions to the Court in connection with the motion for fees.  AlphaCap's memorandum in opposition to the motion for fees did not identify a single witness who resided in the Eastern District of Texas, nor did AlphaCap's memorandum in opposition to the motion to transfer venue, which AlphaCap included as an exhibit.

In contending that Gust erred, AlphaCap refers for the first time to the transcript from the February 26, 2016 venue hearing before the Honorable Robert W. Schroeder III in the Eastern District of Texas.  That transcript references the fact

that in a sur-reply brief, AlphaCap was able to identify individual third-party customers of Gust who resided in the Eastern District of Texas.[10] The sur-reply brief was filed under seal in the Eastern District of Texas and was not cited or attached as an exhibit to AlphaCap's memorandum in opposition to the motion for fees.

AlphaCap also claims that Gust erred in imposing Section 1927 sanctions against counsel based on their filing of the Texas Action since the statute only permits such an award when counsel engage in actions that multiply proceedings. This misconstrues Gust. Fees under Section 1927 were not awarded based on the filing of the litigation. But, the filing of frivolous litigation was not irrelevant to the decision to impose fees. The filing of frivolous litigation was one of several actions taken by AlphaCap's counsel that supported Gust's finding that counsel acted in bad faith when it unreasonably and vexatiously multiplied the proceedings. Id. at *13-14. That bad-faith filing drove or colored virtually every decision counsel made during the litigation.

---

[10] This discovery of third-party customers was made after Gust produced approximately 37,000 pages of documents in discovery, which included Excel spreadsheets of Gust's users. The existence of those residents on that spreadsheet did nothing to identify relevant witnesses or to make AlphaCap's resistance to the venue motion more meritorious.

In addition, AlphaCap misstates the record to argue that AlphaCap's principal (and not its counsel) was the person responsible for prolonging this litigation.  In awarding fees against AlphaCap's counsel, Gust recited the many steps the attorneys took to multiply the proceedings in this case while trying to evade litigation of the AlphaCap Patents' validity. In that discussion, the timing of the service of the Covenant was highlighted.  Id.  Among other things, Gust noted that the Covenant could have been issued months earlier than it was.  In this motion for reconsideration, AlphaCap's counsel argues that only its client could decide when to grant the Covenant, and that the client reasonably chose not to grant the Covenant until the tort claims filed against AlphaCap had been dismissed.  This argument is not only untimely but also misstates the record.

First, Gust's motion for fees, which was brought to recover fees from both AlphaCap and AlphaCap's counsel, emphasized the timing of the Covenant.  Any argument that AlphaCap's counsel wished to make about the timing of the Covenant, and who controlled the decision on that timing, should have been made in opposition to that motion.  That opposition did not make the argument AlphaCap presents here.  Second, the explanation AlphaCap now offers misstates the record.  The tort claims that

Gust filed again AlphaCap were not dismissed until months after the Covenant was issued.[11]

Finally, AlphaCap's counsel seeks to relitigate the amount of attorneys' fees awarded to Gust. It was required to present any argument regarding the proper measurement of the award of fees, and the conduct that was appropriate to consider in setting the award, in opposing the motion for fees. It identifies no argument in this regard that it made but that Gust overlooked. Its effort to shift blame for the course of this litigation and the accumulation of fees to the defendant it sued was not meritorious then and it presents no ground to change that analysis. As Gust explained,

> AlphaCap's assignment of blame is misdirected. Gust
> was not required to walk away from the lawsuit
> AlphaCap filed against it and bear its own attorneys'
> fees, at least where it believed that lawsuit to be
> frivolous and conducted in bad faith. If AlphaCap
> wanted to avoid running up costs in this litigation,
> it could have promptly applied to dismiss its claims
> in the Texas Action with prejudice and it could have
> issued a covenant not to sue in July 2015, thereby
> mooting Gust's counterclaims in the Texas Action and
> preempting the declaratory judgment claims in the New
> York Action.

---

[11] In its reply to this motion for reconsideration, AlphaCap switches course and proffers that the Covenant was issued based on conclusions its counsel reached at the June 10, 2016 conference. But, again, the Covenant was issued weeks earlier, in May 2016. Moreover, at the June 2016 conference, AlphaCap's counsel made no reference to the pending tort claims to explain its "thought process" behind the unilateral issuance of the Covenant.

Id. at *15.

## II.  Prejudgment Interest

AlphaCap claims it was error to impose prejudgment interest at the New York interest rate of nine percent.  The Federal Circuit has held that "a district court [has] authority, in cases of bad faith or other exceptional circumstances to award prejudgment interest on the unliquidated sum of an award made under Section 285."  Mathis v. Spears, 857 F.2d 749, 761 (Fed. Cir. 1988).  "The decision whether to grant prejudgment interest and the rate used if such interest is granted are matters confided to the district court's broad discretion, and will not be overturned on appeal absent an abuse of that discretion."  SEC v. First Jersey Sec., Inc., 101 F.3d 1450, 1476 (2d Cir. 1996) (citation omitted).  In assessing prejudgment interest, courts must look to the source of the law underlying a party's claims to determine the applicable prejudgment interest rate: "claims that arise out of federal law are governed by federal rules, claims arising out of state law are governed by state rules."  In re Palermo, 739 F.3d 99, 107 (2d Cir. 2014).  While Gust's claims arise out of federal law, there is no applicable federal statute establishing a prejudgment interest rate. AlphaCap nevertheless argues that the Treasury rate constitutes a more appropriate rate for awards made under Section 285.  But there is no reason to think that the Treasury rate more

accurately captures the time value of money in New York or the
true loss to Gust.

AlphaCap further contends that because the award is a
sanction, and because there is no evidence as to when (or if)
Gust actually paid the fees, interest should be awarded only
from the date the fees were awarded, i.e., December 8, 2016.
The case that AlphaCap cites in support of this argument is
inapposite, as it is confined to Rule 37, Fed. R. Civ. P., which
does not authorize recovery of prejudgment interest.  See
Remington Prods., Inc. v. N. Am. Philips, Corp., 763 F. Supp.
683, 685 (D. Conn. 1991) ("On its face, Rule 37(a) doe[s] not
authorize recovery of prejudgment interest." (citation
omitted)).  By contrast, the Federal Circuit has held that
prejudgment interest may be awarded under Section 285.  Mathis,
857 F.3d at 761.  Moreover, in a December 19, 2016 letter to the
Court, counsel for Gust certified that he had been paid in full
all invoices due in the amount of $508,343 on a substantially
quarterly basis.  Accordingly, AlphaCap's request to change the
rate or start date of prejudgment interest is denied.

## CONCLUSION

AlphaCap's January 3, 2017 motion for reconsideration is
denied.

Dated:    New York, New York
          July 6, 2017

_____
                    DENISE COTE
          United States District Judge