```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------- X
                                 :
GUST, INC.,                      :
                                 :
              Plaintiff,         :       15cv6192 (DLC)
      -v-                        :
                                 :
ALPHACAP VENTURES, LLC and       :
RICHARD JUAREZ,                  :
                                 :       MEMORANDUM OPINION
              Defendants.        :          AND ORDER
                                 :
-------------------------------- :
                                 :
ALPHACAP VENTURES, LLC,          :
                                 :
              Plaintiff,         :
      -v-                        :       16cv1784 (DLC)
                                 :
GUST, INC.,                      :
                                 :
              Defendant.         :
                                 :
-------------------------------- X
```

APPEARANCES:

For AlphaCap Ventures, LLC and Richard Juarez:
Marie A. McCrary
Gutride Safier LLP
100 Pine Street, Suite 1250
San Francisco, CA 94111

For Gust, Inc.:
Frank A. Bruno
White and Williams LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103

DENISE COTE, District Judge:

On December 8, 2016, Gust, Inc. ("Gust") was awarded over

$500,000 in fees and costs jointly and severally against

AlphaCap Ventures, LLC ("AlphaCap") and its counsel Gutride Safier LLP.  Gust, Inc. v. AlphaCap Ventures, LLC, 15cv6192 (DLC), 16cv1784 (DLC), 2016 WL 7165983 (S.D.N.Y. Dec. 8, 2016) ("Gust").  On January 3, 2017, AlphaCap filed both a motion for reconsideration and its own motion for attorneys' fees pursuant to 28 U.S.C. § 1927 ("Section 1927") against Gust's counsel.  On January 4, the Court entered a stay pending resolution of AlphaCap's motions.

On January 24, Gust filed a motion to lift the stay entered on January 4 or, in the alternative, for an order requiring AlphaCap to pay a bond in order to continue the stay.  The January 24 motion also sought additional attorneys' fees from AlphaCap pursuant to Section 1927 and the Court's inherent authority.

Today, AlphaCap's motion for reconsideration was denied.  This Memorandum Opinion addresses AlphaCap's January 3 motion for attorneys' fees and Gust's January 24 motion for additional attorneys' fees.  It relies on the facts, procedural history and analysis set forth in today's Opinion denying AlphaCap's motion for reconsideration, as well as Gust.  They are incorporated by reference.  For the reasons set forth below, both motions are denied.  The stay is lifted.

AlphaCap Ventures, LLC ("AlphaCap") and its counsel Gutride Safier LLP.  Gust, Inc. v. AlphaCap Ventures, LLC, 15cv6192 (DLC), 16cv1784 (DLC), 2016 WL 7165983 (S.D.N.Y. Dec. 8, 2016) ("Gust").  On January 3, 2017, AlphaCap filed both a motion for reconsideration and its own motion for attorneys' fees pursuant to 28 U.S.C. § 1927 ("Section 1927") against Gust's counsel.  On January 4, the Court entered a stay pending resolution of AlphaCap's motions.

On January 24, Gust filed a motion to lift the stay entered on January 4 or, in the alternative, for an order requiring AlphaCap to pay a bond in order to continue the stay.  The January 24 motion also sought additional attorneys' fees from AlphaCap pursuant to Section 1927 and the Court's inherent authority.

Today, AlphaCap's motion for reconsideration was denied.  This Memorandum Opinion addresses AlphaCap's January 3 motion for attorneys' fees and Gust's January 24 motion for additional attorneys' fees.  It relies on the facts, procedural history and analysis set forth in today's Opinion denying AlphaCap's motion for reconsideration, as well as Gust.  They are incorporated by reference.  For the reasons set forth below, both motions are denied.  The stay is lifted.

**DISCUSSION**

I. **AlphaCap's Motion for Attorneys' Fees**

The underlying litigation between the parties essentially ended with the issuance of an Opinion in July of 2016 on AlphaCap's motion to dismiss. Gust, Inc. v. AlphaCap Ventures, LLC, 15cv6192 (DLC), 16cv1784 (DLC), 2016 WL 4098544 (S.D.N.Y. July 28, 2016). In August, Gust filed its motion for fees to be awarded against both AlphaCap and its counsel. AlphaCap brought no motion for fees at that time. AlphaCap's November 6, 2015 motion for Rule 11 sanctions was denied on July 28, 2016, and AlphaCap brought no motion for reconsideration of that denial. It was only after the December 2016 Opinion awarding fees to Gust that AlphaCap brought its own motion for fees against Gust's counsel. AlphaCap's motion for fees was filed along with a motion for reconsideration, and is best viewed as a component of that motion for reconsideration. But, as explained in both the July 6 Opinion and Gust, it was AlphaCap's attorneys -- not Gust's -- who unreasonably and vexatiously multiplied the proceedings in this case.

At base, AlphaCap's Section 1927 motion faults Gust for refusing to settle in July 2015 without being reimbursed for its attorneys' fees and costs. But, as Gust explained last December, "Gust was not required to walk away from the lawsuit AlphaCap filed against it and bear its own attorneys' fees, at

3

least where it believed that lawsuit to be frivolous and conducted in bad faith." Gust, 2016 WL 7165983, at *15.

AlphaCap also accuses Gust of unreasonably multiplying the proceedings in this case by filing a counter-suit in the Southern District of New York. But, as the Court stated on the record at a June 10, 2016 conference with the parties, "it's very common when someone is sued in the Eastern District of Texas to file a counter lawsuit in the district where [the defendants] think they should have been sued. We have those cases day in and day out in this court."

Nor is it the case, as AlphaCap contends, that Gust's claims against it were so "objectively frivolous" as to imply bad faith on the part of its attorneys. Quite the contrary. Gust's claims of non-infringement and invalidity were dismissed because they were rendered moot by AlphaCap's unilaterally issued Covenant Not to Sue ("Covenant"). See id. at *3. And while Gust's Sherman Act, abuse of process, and patent misuse claims did not survive the motion to dismiss, a lawyer "is not liable for his adversary's attorneys' fees simply because his adversary prevails." Oliveri v. Thompson, 803 F.2d 1265, 1277 (2d Cir. 1986).

Finally, AlphaCap argues that Gust acted unreasonably and vexatiously for the reasons set forth in its Rule 11 motion. AlphaCap's Rule 11 motion -- which had been filed on November 6,

4

2015 -- was denied on July 28, 2016.  Any request for reconsideration of that ruling is untimely.  Moreover, for the same reasons the Rule 11 motion was denied, the request to award fees for the conduct that prompted the filing of that motion is denied.

**II.  Gust's Motion for Additional Attorneys' Fees**

Gust seeks an additional $57,255 in attorneys' fees, pursuant to 21 U.S.C § 1927 and the Court's inherent power, for the work performed in response to AlphaCap's motions for reconsideration, attorneys' fees, and a stay.  A court "may exercise its inherent power to sanction a party or an attorney who has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."  Ransmeier v. Mariani, 718 F.3d 64, 68 (2d Cir. 2013) (citation omitted).  "Bad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation."  Hirschfeld v. Bd. of Elections in City of N.Y., 984 F.2d 35, 40 (2d Cir. 1993); see also id. ("Where a losing litigant has acted vexatiously or in bad faith, it is within [the] Court's inherent powers to award attorneys' fees." (citation omitted)).

While there are several aspects of AlphaCap's reconsideration motion that are concerning, including the two statements described below, the Court declines to award an additional amount in fees.  It was not inappropriate for

5

AlphaCap to, at the very least, address the rate at which prejudgment interest would be awarded in its motion for reconsideration. The prejudgment interest rate was not an issue that the parties had addressed in their underlying motion papers.

One statement in AlphaCap's motion for reconsideration that raises particular concern is its repeated assertion that, in filing this litigation, its counsel relied upon <u>DDR Holdings, LLC v. Hotels.com, L.P.</u>, 773 F.3d 1245 (Fed. Cir. 2014), to justify its belief in the validity of the AlphaCap Patents. But, AlphaCap never once cited <u>DDR Holdings</u> in opposition to Gust's motion for attorneys' fees. It relied on other cases to explain why it believed it could bring patent infringement claims based on the AlphaCap Patents despite the Supreme Court's decision in <u>Alice Corporation Pty. Ltd. v. CLS Bank International</u>, 134 S. Ct. 2347 (2014).

Second, AlphaCap claimed in its motion for reconsideration that it chose not to grant the Covenant "until the tort claims were dismissed, as it did not want to lose its leverage to settle the frivolous tort claims by unilaterally dropping its own meritorious patent claims." The record contradicts this explanation, as AlphaCap provided Gust the Covenant in May 2016 -- more than two months before tort claims were dismissed. <u>Gust</u>, 2016 WL 4098544, at *5-6. AlphaCap's attempt to switch

6

course in its reply to the motion for reconsideration fares no better.  In its revised explanation, AlphaCap claims that the Covenant was issued after it had "become confident that Gust's tort claims would be dismissed" based on "AlphaCap's review of Gust's brief in opposition to the motion to dismiss and its perceptions of the Court from the initial case management conference."  But the initial case management conference did not occur until June 10, 2016.  Moreover, when asked to explain its "thought process" in executing the Covenant during the June 10 conference, AlphaCap's counsel made no reference to the pending tort claims.  Despite these concerns, Gust's motion for additional fees is denied.

## **CONCLUSION**

AlphaCap's January 3, 2017 motion for attorneys' fees is denied.  Gust's January 24, 2017 motion for additional attorneys' fees is denied.  The Clerk of Court shall lift the stay entered on January 4, 2017.


Dated:     New York, New York
           July 6, 2017

_____
DENISE COTE
United States District Judge